Eminent domain; taking; exercise of power of termination with regard to property subject to state judgment lien; federal v. state law. — Plaintiff seeks to recover from defendant the amount still due and owing to plaintiff on a state court judgment against a third party (MCI) to whom defendant had conveyed surplus government real property and for whom the plaintiff had performed remodeling and conversion work on the property. Plaintiff asserts that its judgment against MCI for the unpaid balance due for such work became "affixed” to the real property, and that when defendant subsequently reacquired the property from MCI upon breach of a condition subsequent, there was a "taking” of plaintiffs property. On August 13, 1982, Trial Judge Harry E. Wood filed a recommended decision concluding that plaintiff is not entitled to recover. The trial judge found that (1) defendant had (and plaintiff at all times knew or should have known that defendant had) an undoubted interest (and right of power) in the property; and (2) state property law cannot fairly be held to override substantial, valid, and even compelling government rights, and thereby serve as the foundation for a conclusion of "taking”. Defendant, by exercising its power of termination with respect to the property, did not take a property interest belonging to plaintiff within the contemplation of the Fifth Amendment. On September 30,1982, the court, by order, adopted the recommended decision of the trial judge *1043 as the basis for its judgment in this case and dismissed the petition.